GEORGE O. HILTON *v.* CHARLES W. WIGGIN, ADMINISTRATOR.

The law empowering the supreme judicial court to grant leave to appeal from the decree of the probate court, when such appeal has been prevented by mistake, accident or misfortune, does not apply to the decisions of commissioners upon insolvent estates; neither has this court, in such cases, power to grant reviews or new trials.

This is a petition for leave to appeal from the decision of a commissioner upon an insolvent estate, upon the ground that the petitioner was prevented from appealing therefrom through mistake, accident or misfortune, and the petitioner proposes, also, to amend, by asking for a review or new trial.

*Small* for plaintiff.

*Wheeler* & *Hall* for defendant.

BELLOWS, J.  By the Revised Statutes, chap. 163 sec. 1, a creditor is empowered to appeal from the decision of a commissioner upon any claim by him exhibited in thirty days after the acceptance of the report. And the petitioner claims, that, having failed to take his appeal within the time limited, through mistake, accident or misfortune, he is entitled to relief by virtue of the provisions of secs. 1 and 7 of chap. 170 Revised Statutes, (C. S. 180, secs. 1 and 7) which are as follows :

Sec. 1. "Any person aggrieved by any decree, order, appointment, grant, or denial, of any judge of probate which may conclude his interest, and which is not strictly interlocutory, may appeal therefrom to the superior court of judicature next to be holden in the county."

Sec. 7. "Any person aggrieved by any such decision of a judge of probate, who was prevented from appealing therefrom within said sixty days, through mistake, accident, or misfortune, and not from his own neglect, may petition the said superior court, at any time within two years thereafter, to be allowed an appeal, setting forth his interest, his reasons for appealing, and the causes of his delay."

The question, then, is, whether in the terms, " decree, order, appointment, grant or denial of any judge of probate " is included the " decision of the commissioner."

It is urged by the plaintiff's counsel that it *is* included, upon the ground that the commissioner of insolvency is merely an auditor appointed by the judge of probate and that his acts are of no validity or force until sanctioned by the judge by the acceptance of the report; and that in this way his decision becomes the decision of the judge.

On the other hand, it is contended that the law in terms authorizes an appeal from the decision of a commissioner, and not from the decree of the judge accepting an entire report, embracing, perhaps, many claims ; and that the judge has no jurisdiction to allow or disallow any of them. And the counsel cites the case of *Dyer* v. *Stanwood*, 6 N. H. 411, in which it was decided that the act of Dec. 29, 1832, defining the jurisdiction of the superior court and the court of common pleas, and giving to the former exclusive jurisdiction of " all appeals from any judgment, order, decree or denial of any judge of probate and all applications for such appeals " did not give to the superior court jurisdiction of appeals from the determination of commissioners of insolvency.

The court, by Parker, J., holds that the judge of probate has no power to allow or disallow the claims against the estate—that this power is vested in the commissioner alone, and the appeal, therefore, is precisely what the statute of 1822 denominates it, an appeal from the determination of the commissioners, and does not come within the letter or spirit of the clause giving this court jurisdiction of appeals from the orders and decrees of the judge of probate.

The law of 1822, authorizing an appeal from the determination of commissioners, is substantially the same as that of the Revised Statutes, except in the latter the term " *decision* " is used instead of the term " *determination* ; " but the meaning, so far as regards this question, is

the same.    Neither is there any substantial change in the duty of commissioners or the judge of probate in this respect.

The case of *Dyer* v. *Stanwood*, then, seems to be directly in point, and, for aught we can see, must govern this case.    It is true, as the counsel suggest, that, under the law of 1832, appeals from the orders and decrees of the judge of probate were to the superior court, while those from the decisions of the commissioners were to the common pleas, and it is supposed in *Dyer* v. *Stanwood* that the latter were to be entered in the common pleas because the questions of fact came there to be tried ; but the counsel contend that, as now all these appeals are to this court, the decision in the case cited does not apply.

But we do not so understand it.    The decision in that case was put upon the language of the statute and the nature of the powers conferred respectively upon the commissioner and the judge ; and the same language in substance is continued to be used in the Revised Statutes.

The decision in *Dyer* v. *Stanwood* is fully confirmed in *Smith & ux.* v. *McDaniel, Administrator*, 15 N. H. 474, where it is held that the determination of the commissioner is not within the statute authorizing the court to grant appeals from the orders and decrees of the judge of probate.    Besides, it will be perceived that in the case of the appeal from the commissioners' decisions, it must be taken in thirty days, while the appeal from the order or decree of the judge of probate may be taken in sixty days, and this is inconsistent with the idea that the provision for appeals from the orders and decrees of the judge of probate embraces appeals from decisions of the commissioners.    If it did, then such appeal might be taken in sixty days.    A similar difference also exists in respect to the necessity of filing bonds on the appeal.    If from the decision of the commissioners, a bond is not required ; in the other cases it is.

Again, had the purpose of the legislature been to include appeals from the decisions of the commissioners in the provision for appeals from the orders and decrees of the judge of probate, their intention would probably have been more distinctly manifested, especially in view of the decision in *Dyer* v. *Stanwood*, and very naturally the provision for appeals from the decisions of the commissioners would have been omitted.

In chap. 163 of the Revised Statutes (chap. 172 C. S.) providing for appeals from commissioners, it is enacted sec. 7, that " if the creditor shall fail to enter his action (appeal) in manner aforesaid, or to recover judgment thereon, his demand shall be forever barred, and what was allowed by the commissioners shall be struck from the list of claims.    Again it is provided in sec. 11 of chap. 172 Comp. Statutes, that there shall be no revision of any judgment remanded, or an appeal from the judgment of commissioners.    So it is provided that claims by the administrator against an estate may be adjusted by the judge if not contested ; but if contested they may be referred to persons appointed by the judge, and their report, when accepted, shall be final.    Chap. 171 Comp. Stat., secs. 16 and 17.

From these provisions it would seem to be the policy of the law to promote the speedy settlement of estates, and to make the decisions of the commissioners forever binding, unless appealed from, and the appeal

prosecuted in the manner prescribed.    Under similar provisions in the statute of July, 1822, it was so expressly held in *Smith* v. *McDaniel, Adm'r*, 15 N. H. 474, and that this case did not come within the statutes authorizing the court to grant appeals from the orders and decrees of the judge of probate, or to grant reviews.    In the case of *Taylor* v. *Barron*, 30 N. H. 97, 98, and in the same case, in 35 N. H. 490, 491, it is quite apparent that these decisions of the commissioners are not regarded as orders and decrees of the probate court; and a similar view is taken in *Peabody's Petition*, 40 N. H. 342.

It is proposed also by way of amendment of the petition, to ask for a review or new trial in case the court is of opinion that an appeal cannot be granted.

In *Smith & ux.* v. *McDaniel, Adm'r*, which was a petition for a new trial, it appeared that a claim for an appeal from the decision of the commissioners was duly filed, but by accident or mistake the petitioner failed to give notice and prosecute it to judgment.    The court held that this case did not come within the statute authorizing the court to grant reviews, Rev. Stat. chap. 192, which is identical with Comp. Stat. chap. 205, and is not affected by the law of 1855.    *Wright* v. *Boynton*, 40 N. H. 353.

This case of *Smith & ux.* v. *McDaniel* must be regarded as a decision of this application for a new trial, unless there be a substantial difference arising from the fact that in the case before us no steps had been taken to appeal, while in the other an appeal had been claimed, but not prosecuted.    We do not, however, think that this distinguishes the case before us favorably from that of *Smith & ux.* v. *McDaniel*; for in neither case was an appeal actually taken; and we must, therefore, regard that decision as fixing the rule for this case.

The doctrine of *Smith & ux.* v. *McDaniel* is also distinctly recognized in *Sheafe* v. *Sheafe*, 29 N. H. 269, decided in 1854; and upon the whole we see nothing in the circumstances of this case, or the suggestions of the counsel that would justify a departure from that doctrine, and that of *Dyer* v. *Stanwood*.    The Revised Statutes were passed long after the decision in the latter case, and having used the same language substantially as the statutes in force when the decision was made, the construction given to them must be regarded as adopted in the later law. See *Tomson* v. *Ward*, 1 N. H. 9; *Adams* v. *Field*, 21 Vt. 256; *Douglass* v. *Howland*, 24 Wend. 45, 47.

Under the construction adopted, there may doubtless be individual cases of much hardship, but the court cannot fail to see that a contrary construction would be likely to introduce a looseness of practice that might interfere seriously with that speedy settlement of estates, which it is the policy of the law to promote.

The carelessness which this case discloses furnishes itself some illustration of what might be expected if there was reason to count upon relief against it from the courts.    But independent of these considerations, we are of the opinion that this construction is too well established to be changed without the action of the legislature.

*Petition dismissed.*